### AMERICAN BRASS & COPPER CO. v. INGERSOLL et al.

(Supreme Court, Appellate Term. March 21, 1899.)

CONTRACTS—CONSTRUCTION.

    A dealer ordered "25 gro. toe clips," 10 gross to be shipped at once, the balance later. 1;440 toe clips were accepted and paid for without objection. The buyer, in his own catalogue, quoted toe clips singly, and not by the pair. *Held*, that 25 gross single toe clips was contemplated, and not that many pair.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the American Brass & Copper Company against Robert H. Ingersoll and Charles H. Ingersoll. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

H. B. Kinghorn, for appellants.
George A. Baker, for respondent.

LEVENTRITT, J. The defendants placed an order with the plaintiff for "25 gro. spring brass toe clips," of which 10 gross were to be shipped at once, and the balance as required. In fulfillment of the first installment of 10 gross, 1,440 toe clips were delivered to the defendants, who made payment therefor without objection. The remainder having been subsequently sent, and having been received and retained by the defendants, this action was brought to recover the purchase price. The sole issue litigated was how many toe clips were required to fill the order. The defendants claimed that, by the usage of the trade and the understanding of the parties, "25 gro." meant 25 gross pair, and that, the plaintiff having delivered only single toe clips,—that is, 144 to each gross,—but half the quantity contracted for had been received. The justice adopted the plaintiff's construction that the agreement contemplated single toe clips. This was warranted by the oral and written evidence introduced on the trial. The unequivocal language of the order, containing no reference to pairs, opposes the defendants' contention. Moreover, their own catalogue, which was produced on the trial, is inconsistent with their position.

They maintained that toe clips were invariably sold by the pair; yet, in their own catalogue, toe clips are not quoted by the pair, notwithstanding the testimony of one of the defendants that every article sold by the pair was therein so quoted.

Finally, the defendants recognized the plaintiff's theory of the contract by accepting 1,440 toe clips as the equivalent of the first 10 gross. It is true they sought to overcome the presumption arising from their acquiescence by ascribing the acceptance, and the consequent payment, to the oversight of an employé. The inconclusive testimony offered to support this explanation failed to convince the justice. The exceptions urged are trivial, and, the issue of fact having been determined with fairness, the judgment should not be disturbed.

Judgment affirmed, with costs to the respondent. All concur.